UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gentleman Marshall as AGENT obo his Granted Federal Franchise Marshall Pfeiffer known as #222703407-G38455581,<br><br>Plaintiff,<br><br>v.<br><br>State of California Franchise Tax Board, Selvi Stanislaus, Betty Yee, Diane Harkey, Michael Cohen, Todd Lane,<br><br>Defendants. | Case No.: 17-cv-2438-AJB-JMA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. No. 12)** |

Plaintiff, who refers to himself as "Gentleman Marshall," imprudently believes he is not subject to taxation. He claims California and the United States have violated a litany of his constitutional rights in collecting taxes from him and have engaged in extortion and racketeering. Defendants, collectively, move to dismiss the complaint arguing the court lacks jurisdiction and that Marshall fails to state a claim for relief. The Court agrees with defendants that Marshall's claims are "universally well-rejected contention[s]" and neither establish jurisdiction nor state a claim for relief. (Doc. No. 12-1 at 6.) Accordingly, the Court **GRANTS** defendants' dismissal motion.

1

17-cv-2438-AJB-JMA

## I. BACKGROUND

Marshall Pfeiffer asserts he is not subject to taxation and attempts to re-define the statutory definition of "income." (Doc. No. 12-1 at 6.) Marshall states he exchanges his knowledge for compensation which is spent on sustenance producing neither profit nor gain. (Doc. No. 1 at 8.) Over the past ten years, Defendants have approached Marshall via U.S. Mail and telephone, and seized his bank account. (*Id.*) Defendants believe Marshall is a "tax protester" who files frivolous pleadings. (Doc. No. 12-1 at 6.) Marshall seeks relief from this Court to: (1) restrain Defendants from taxing his labor as a gain or as a profit; (2) order Defendants to return all Marshall's funds seized; (3) decree Marshall's labor belongs to Marshall; and (4) decree Marshall's compensation is neither a profit nor a gain. (Doc. No. 1 at 8.)

## II. LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume

their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 664.

Additionally, pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted). Thus, the Supreme Court has stated that federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

### III. DISCUSSION

Defendants argue Marshall's complaint fails for three reasons: (1) Marshall has failed to establish that this court has proper subject matter jurisdiction over the action; (2) Marshall's complaint fails to establish a claim upon which relief can be granted; and (3) Marshall has failed to properly serve the defendants. (Doc. No. 12-1 at 6.)

If the Court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). "Consequently, a federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) 'the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction'; or (2) 'such a claim is wholly insubstantial and frivolous.'" *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)).

Here, Defendants argue Marshall's "complaint fails to establish that this court has the requisite subject matter jurisdiction to proceed with his action." (Doc. No. 12-1 at 8.) Marshall states he is bringing claims under: (A) the US Const. Art. I Sec. 9, CL 4, (B) the

3

First, Fourth, Fifth, Thirteenth, and Sixteenth Amendments, (C) U.S.C. 26 § 61, Gross Income Defined, (D) Federal Anti-Racketeering Laws, and (E) Common law against extortion. (Doc. No. 1 at 1.) The crux of Marshall's complaint is that he is not subject to taxation by the government. (*See generally* Doc. No. 1.) Marshall also attempts to redefine income. (*Id.*)

These types of claims have been soundly rejected. As to his claim that taxation is unlawful under "Art. I, Sec. 9-Cl 4," the Ninth Circuit has held that "income may be taxed without apportionment under the Sixteenth Amendment." *Wilcox v. C.I.R.*, 848 F.2d 1007, 1009 n.3 (9th Cir. 1988) (citing *Brushaber v. Union Pac. R.R.*, 240 U.S. 1, 18-19 (1916)). Similarly, with regards to Marshall's claim that tax collection is not authorized by the Sixteenth Amendment, (Doc. No. 1 at 11–12), the Ninth Circuit has called this argument "absurd" and "frivolous":

> Notwithstanding [plaintiff's] insistence that his argument regarding the inapplicability of the federal income tax laws to resident United States citizens raises numerous complex issues, his position can fairly be reduced to one elemental proposition: The Sixteenth Amendment does not authorize a direct non-apportioned income tax on resident United States citizens and thus such citizens are not subject to the federal income tax laws. We hardly need comment on the patent absurdity and frivolity of such a proposition. For over 75 years, the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a nonapportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens.

*In re Becraft*, 885 F.2d 547, 548–49 (9th Cir. 1989). Additionally, Marshall alleges that "coercing Movant to give up his labor for the benefit of the State is a violation of the 13th Amendment." (Doc. No. 1 at 10.) However, courts have held that the government does not "violate the Thirteenth Amendment by obligating its citizens to pay income tax." *Olajide v. Brown*, Case No. 18-cv-03991-CRB, 2018 WL 3328227, at *2 (N.D. Cal. July 8, 2018) (citing *Beltran v. Cohen*, 303 F. Supp. 889, 893 (N.D. Cal. 1969) ("It has

been held that the requirements of the tax laws, even if imposing a kind of servitude, do not impose the kind of involuntary servitude referred to it the Thirteenth Amendment.")).

Marshall's argument that "Movant's compensation is a direct representation of Movant's Labor, therefore Movant's Labor Compensation cannot be the *"income" "derived"* from the same Labor Compensation" has also been rejected by the Supreme Court. (Doc. No. 1 at 11.) The Supreme Court held "[a]fter full consideration, this court declared that income may be defined as gain derived from capital, from labor, or from both combined, including profit gained through sale or conversion of capital." *Bowers v. Kerbaugh-Empire Co.*, 271 U.S. 170, 174 (1926).

Turning to Marshall's allegations that defendants California Coast Credit Union and the California Franchise Tax Board have engaged in racketeering, (Doc. No. 1 at 12), the Court finds Marshall has not pled defendants were engaged in any predicate acts—let alone a pattern. *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) ("'[R]acketeering activity' is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice. . . . *See* 18 U.S.C. § 1961(1) (identifying § 1341 (mail fraud), § 1343 (wire fraud) and § 1503 (obstruction of justice) as predicate acts under RICO)."); *Id.* ("In order to constitute a 'pattern,' there must be at least two acts of racketeering activity within ten years of one another.").

Finally, Marshall alleges violations of his First, Fourth, and Fifth Amendment rights. (Doc. No. 1 at 9–10.) Courts have also outright rejected these arguments as well. Regarding Marshall's claim that the "free exercise of religion restraints [sic] the State from coercing Movant into paying tithe. . . ," the Fifth Circuit held that "[n]oncompliance with tax laws is not protected by the First Amendment." *United States v. Boyce*, 148 F. Supp. 2d 1069, 1092 (S.D. Cal. 2001) (quoting *Buck v. United States*, 967 F.2d 1060, 1062 (5th Cir. 1992)). Further, the Supreme Court has found that "the maintenance of a functional federal tax system is a sufficiently important governmental interest to justify incidental regulation of First Amendment rights." (*Id.* (citing *United States v. Lee,* 455 U.S. 252, 260 (1982)). His

Fourth and Fifth Amendment allegations are equally meritless and provide no factual basis which states a claim for relief.

## IV. LEAVE TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure provides:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Otherwise, a party may only amend with the opposing party's consent or with leave of court. *Id.* "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Here, the Court finds that Marshall's complaint contains universally rejected arguments. He provides no facts which could substantiate a plausible claim under any federal law. His basic belief that himself and the fruits of his labor are not subject to state and federal taxation is the heart of his complaint—and flat out wrong. The Court finds it would be vastly prejudicial to defendants to allow any amendment. *See id.* ("Prejudice is the 'touchstone of the inquiry under rule 15(a).'") (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)). Thus, the Court **DENIES** leave to amend.

## V. MOTION FOR RESPONSE

Marshall also filed a motion for a response—which also serves as his response to the dismissal motion—stating neither CCCU President Todd Lane, nor any CCCU Agents have served him with a copy of their Answer. (Doc. No. 19 at 1.) Marshall "moves this Court to order respondents to file a responsive answer or have their filed answers stand as unresponsive." (*Id.*) However, under Federal Rule of Civil Procedure 12(b), "[a] motion asserting any of these defenses [including a 12(b)(6) motion to dismiss] must be made before pleading if a responsive pleading is allowed." Accordingly, a responsive pleading was not required until defendants' motion to dismiss was denied. Thus, the Court **DENIES** Marshall's motion for a response. (Doc. No. 19.)

## VI. MOTION FOR FINAL AND APPEALABLE ORDER

Finally, Marshall filed a "demand for a final and appe[a]lable order." (Doc. No. 39.) In this motion, he requests the Court certify for appeal the Court's prior order denying his request to use an audio recording device in the courtroom. (Doc. No. 31.) When Marshall previously attempted to appeal this order, the Ninth Circuit dismissed his appeal stating it "lack[ed] jurisdiction over this appeal because the order challenged in the appeal is not final or appealable." (Doc. No. 37 at 2.) Because the Court is dismissing Marshall's case with prejudice, the Court **DENIES** his request for a final and appealable order regarding the use of a sound recording device. (Doc. No. 39.)

## VII. CONCLUSION

The Court finds Marshall's complaint neither states a claim for relief nor establishes jurisdiction in this Court. Therefore, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES** Marshall's complaint with prejudice. (Doc. No. 12.) The Court **DENIES** Marshall's other two pending motions. (Doc. Nos. 19, 39.) The Court **ORDERS** the Court Clerk to close the case.

**IT IS SO ORDERED**.

Dated: September 26, 2018

Hon. Anthony J. Battaglia
United States District Judge